**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　　Defendants. | Case No. 1:26-cv-00750-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Frank Cruz is proceeding pro se and *in forma pauperis* in this civil rights action filed January 29, 2026, against Defendants City of Fresno, Andrew Janz, Sergeant Zarausa, Officer Lopez, Officer Rivera, Armando Lazalde Alaniz, Hope Alaniz, and David Anthony Alaniz. (Doc. 1.) Upon review, the Court concludes that the complaint fails to state any cognizable federal claims and, as such, the exercise of jurisdiction over his state law claims would be inappropriate.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by an assigned

1

district judge, in which case the Court will issue findings and recommendations consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.    SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court is ordinarily limited to the main pages of the complaint in determining whether to dismiss a complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Thus, the plaintiff must allege a minimum factual and legal basis in their complaint for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d

795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.    DISCUSSION

Plaintiff's complaint purports to plead claims under 42 U.S.C. § 1983 ("Section 1983") and state law arising out of an alleged wrongful eviction from property. For the reasons discussed below, the Court finds that the complaint does not state a cognizable claim under Section 1983 and that supplemental jurisdiction over his state law claims is inappropriate. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted the opportunity to file an amended complaint to correct the identified deficiencies.

**A.    State Action (Defendants Armando Lazalde Alaniz and David Anthony Alaniz)**

Section 1983 provides that,

[e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under Section 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002).

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). However,

conduct of a private individual constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself, such as when the nominally private actor is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotations omitted). Further, "[a] private individual may be liable under [Section] 1983 if [they] conspired or entered joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted).

To the extent Plaintiff intends to bring his Section 1983 against Defendants Armando Lazalde Alaniz and David Anthony Alaniz, he does not state a claim because he does not allege that those defendants were acting under color of state law when they "cut the padlock of the front fences," "refused" to get off the property, and "called the police" to effectuate an eviction. (Doc. 1 at 7–8.) Rather, even liberally construing the complaint it appears Defendants Armando Lazalde Alaniz and David Anthony Alaniz, each of whom is alleged to be a "real estate agent" (*id*. at 2–3), are private individuals, not state actors. Plaintiff does not allege any facts indicating that there was a nexus between state actors and these defendants or a delegation of authority from state actors to them. Nor does Plaintiff allege facts indicating that there was a conspiracy between state parties and these defendants. Given these deficiencies, Plaintiff has not stated a claim under Section 1983 against Defendants Armando Lazalde Alaniz and David Anthony Alaniz (or Defendant Hope Alaniz, who also appears to be a private individual, *see* Doc. 1 at 2, 9) but will be granted leave to amend.

**B.     Fourth Amendment (Defendants Andrew Janz, Sergeant Zarausa, Officer Lopez, Officer Rivera)**

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, protects "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.   Thus, unless an exception applies, the Fourth Amendment proscribes warrantless "entr[y] onto private land to search for and abate suspected nuisances." *Conner v. City of Santa Ana*, 897 F .2d 1487, 1490 (9th Cir.1990) (citations omitted) (addressing a tenant's

improper commercial use of property).  That is, subject to a few specific exceptions, "[a] seizure conducted without a warrant is per se unreasonable under the Fourth Amendment."  *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir.2005).  "A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in . . . property."  *Soldal v. Cook Cnty.,* 506 U.S. 56, 63 (1992) (citation omitted).

Here, the complaint's allegations that Officer Lopez "told [Plaintiff] he was going to jail," that Officer Rivera "said that [Defendant Armando Lazalde] Alaniz was willing to make a citizen's arrest if Plaintiff did not leave the Home," that Officers Rivera and Lopez "flank[ed] Plaintiff [and] escorted him to the sidewalk," that Sergeant Zarausa "told Plaintiff that because the grant deed showed [Defendant Armando Lazalde] Alaniz as the homeowner, police could evict Plaintiff based on a case that had been decided six months prior" and "said he had to follow what the City of Fresno told him to do," and that City Attorney Andrew Janz "told [Sergeant Zarausa] to do the eviction because it was correct to do it" (Doc. 1 at 7–8) are insufficient by themselves to state a Fourth Amendment claim.  *See Iqbal*, 556 U.S. at 678 (explaining that "elements of a cause of action, supported by mere conclusory statements," and "naked assertions devoid of further factual enhancement" "do not suffice" to state a plausible claim for relief).  Escorting Plaintiff to the sidewalk and informing Plaintiff of Defendant Alaniz' willingness to effect a citizen's arrest and/or the right by law enforcement to evict him do not give rise to a Fourth Amendment violation. Plaintiff does not plead, for example, what actions these defendants took to "immediately" and "forcibly" evict him from the property.  (Doc. 1 at 8.)  Without specific factual allegations, the Court cannot determine whether Plaintiff has sufficiently pleaded personal involvement of Defendants Andrew Janz, Sergeant Zarausa, Officer Lopez, and Officer Rivera in the alleged wrongful eviction.  Plaintiff will be granted leave to amend to plead these facts.

**C.    Due Process (Defendants Andrew Janz, Sergeant Zarausa, Officer Lopez, and Officer Rivera)**

The Fourteenth Amendment provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  "The touchstone of due process is protection of the individual against arbitrary action of government."

*Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). This Clause has both substantive and procedural components. *See e.g., Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72 (2009).

The right to substantive due process "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (citation omitted). "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (footnote and citation omitted). Such a claim also requires a plaintiff to show that the conduct at issue "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998); *Gonzalez v. City of Anaheim*, 747 F.3d 789, 797 (9th Cir. 2014); *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

A procedural due process claim has two elements: (1) A protected liberty or property interest, and (2) a denial of adequate procedural protections. *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022); *Pinnacle Armor, Inc. v. U.S.*, 648 F.3d 708, 716 (9th Cir. 2016) (citation omitted); *see also Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

The basis of Plaintiff's substantive due process claim appears to be based on the same allegations set forth above against City Attorney Andrew Janz, Sergeant Zarausa, Officer Lopez, and Officer Rivera. (*See* Doc. 1 at 10.) But, as with the Fourth Amendment claim, the complaint does not clearly allege what actions by each of those defendants violated Plaintiff's right to substantive due process, when those actions violated Plaintiff's right to substantive due process, or how those actions violated Plaintiff's right to substantive due process, *i.e.*, how they "shocked the conscience." There are also no factual allegations in the complaint regarding procedural due process, only conclusory statements that the defendants acted "without judicial process." (*Id*. at 12.)

Accordingly, the complaint fails to sufficiently allege a Fourteenth Amendment substantive or procedural due process claim against these defendants. Plaintiff will be permitted to amend this claim.

**D.    Official Capacity (Defendants Andrew Janz, Sergeant Zarausa, Officer Lopez, and Officer Rivera)**

It appears from at least the caption of the complaint that Plaintiff intends to sue City Attorney Andrew Janz, Sergeant Zarausa, Officer Lopez, and Officer Rivera in their individual <u>and</u> official capacities.  (*See* Doc. 1 at 1, 2.)  A suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law . . . .  Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted); *see also Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966–67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity).  Accordingly, to the extent that Plaintiff intended to sue these defendants in their official capacities, the Section 1983 claims would be redundant of his claims against Defendant City of Fresno and would be subject to dismissal.  *Center for Bio–Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant.").

**E.    Municipal Liability (Defendant City of Fresno)**

A local government entity, such as the City of Fresno, "may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983."  *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978).  To state a Section 1983 municipal liability claim against a government entity, a plaintiff must allege that a policy, practice, or custom of the entity was a moving force behind a violation of constitutional rights.  *Id.*; *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (The elements of a municipal liability claim are "(1) that [the plaintiff] possessed a constitutional right of which [he]

was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.") (quoting *Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)); *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (liability under *Monell* may attach when an employee "was acting pursuant to an official municipal policy" or when "an employee commits a constitutional violation pursuant to a longstanding practice or custom") (citation omitted); *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (For purposes of establishing public entity liability pursuant to *Monell*, a plaintiff must show one of the following: (1) The public employee committed the constitutional violation pursuant to a formal government policy of a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity"; (2) the individual who committed the constitutional tort was an official with the "final policy-making authority," such that the challenged action itself constituted the policy of the entity; or (3) an official with final policy-making authority ratified a subordinate's unconstitutional decision of action and the basis for it.) (citation omitted).

"A 'policy' is 'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (citation and internal quotation mark omitted). "A 'policy' can be one of action ... or inaction." (Id.) (internal citations omitted). There is no liability under *Monell* where there is proof of only a single incident of unconstitutional activity, "unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy, which policy can be attributed to a [local government] policymaker." *Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (quoting *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

However, "a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, conducts, or habits." *A.B. v. City of Santa Ana*, Case No. 8:18-cv-DOC-ADS, 2019 WL 1578380, at *3 (C.D. Cal. Feb. 11, 2019) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)

("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983.") (citing *Canton*, 489 U.S. at 388-89).

Here, the complaint is replete with conclusory allegations. Plaintiff pleads that his rights were violated "pursuant to an established policy of Defendant City of Fresno to forcibly evict non-title home owners off [*sic*] their rightfully possessed homes . . . without notice, opportunity to be heard or right to a hearing before an impartial tribunal, or judicial process." (Doc. 1 at 9. *See also id*. at 10, 11, 12.) But the complaint does not identify with particularity any details regarding the "established policy" at issue. *See Estate of Lopez v. City of Ontario*, Case No. 5:23-cv-02304-SSS-SP, 2024 WL 3467783, at *2 (C.D. Mar. 13, 2024) ("A litigant's 'bare assertion' that a city or state government entity maintains an ongoing unlawful policy or practice, without more, does not suffice to state a [*Monell*] claim for relief.") (citation omitted). If he chooses to amend his complaint, Plaintiff shall set forth such facts.

**F.      Supplemental Jurisdiction (State Law Claims)**

Plaintiff also brings a variety of state law statutory and tort law claims. (*See* Doc. 1 at 14–25.) Because of the deficiencies set forth above, Plaintiff's federal claims are subject to dismissal (with leave to amend). Accordingly, the Court will not at this time exercise supplemental jurisdiction over Plaintiff's state law claims. *See Flores v. Soto*, No. 1:14–cv–01899-SKO (PC), 2015 WL 6555096, at *5 (E.D. Cal. Oct. 28, 2015) ("[U]ntil and unless Plaintiff states a cognizable claim under federal law, the Court will not exercise supplemental jurisdiction over his state law claims.") (citing 28 U.S.C. § 1367(a)); *see also* 28 U.S.C. § 1367(c)(3) (the court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction").

**G.      Leave to Amend**

In sum, the Court has screened Plaintiff's complaint and finds that it fails to state a cognizable federal claim, and, as such, supplemental jurisdiction over his state law claims is inappropriate.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give

leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so that he can provide additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty (30) days. If Plaintiff chooses to amend the complaint, the amended complaint must allege a short and plain statement of the actions of the named defendants, which laws were violated by those actions, and the harm suffered by Plaintiff arising from those actions, as instructed above. In determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits. Plaintiff is advised that although he has been given the opportunity to amend the complaint, he may not change the nature of the suit or add unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is further advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading, E.D. Cal. Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to an assigned district judge consistent with this order.

## III.    ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.    File an amended complaint; or

    b.    Notify the Court in writing that he wants to stand on this original complaint;

2.   If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-00750-SKO; and

3.   Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   __**March 26, 2026**__                    ____/s/ *Sheila K. Oberto*____
                                                                   UNITED STATES MAGISTRATE JUDGE